HANBY CORNERS COMMUNITY FIRE AND AMBULANCE ASSOCIATION, INC., Petitioner-Appellant,

v.

STATE FIRE PREVENTION COMMISSION and Claymont Fire Company, Respondents-Appellees.

Supreme Court of Delaware.

Submitted: Jan. 7, 1986.

Decided: March 17, 1986.

540

Wilmer C. Bettinger (argued) of Schmittinger & Rodriguez, P.A., Wilmington, for petitioner-appellant.

Robert W. Willard, Dept. of Justice, Wilmington, for State Fire Prevention Com'n, respondent-appellee.

James R. Leonard (argued) of Potter, Carmine & Hodas, Wilmington, for Claymont Fire Co., respondent-appellee.

Before CHRISTIE, C.J., and McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

The appellant, Hanby Corners Community Fire and Ambulance Association, Inc. ("Hanby"), is a volunteer organization incorporated in Delaware. It seeks authority to establish a new volunteer fire company within the Claymont Fire District (District 31), New Castle County, having originally filed an application with the State Fire Prevention Commission ("Commission") in Jan-

uary 1983. Because the Commission initially did not act on the application, Hanby petitioned for a writ of mandamus in the Superior Court. On October 4, 1983, the Court granted Hanby's petition, holding that the Commission had a mandatory duty to act on Hanby's application. After conducting hearings and a public comment session, the Commission issued a formal Opinion and Order denying Hanby's application on February 27, 1984. Hanby then filed a petition for a writ of certiorari with the Superior Court seeking judicial review of the Commission's decision. The Superior Court denied Hanby's petition on July 2, 1985, and Hanby appealed to this Court.

I

The Claymont Fire District receives fire protection services from the Claymont Fire Company ("Claymont"), which operates a main station on Philadelphia Pike and a substation at the corner of Marsh and Naamans Roads ("Substation 31"). In 1981, the Claymont Board of Directors adopted a consolidation plan for the fire district which provided for construction of a new fire station at Harvey Road and Interstate 95 and the closing of both the main station and Substation 31.

Opposition to the plan developed within the community and resulted in the appointment of a special task force by the Governor to conduct an investigation and make recommendations concerning the fire protection needs of the district. The task force commissioned an expert survey team from the International Society of Fire Service Instructors to study the Claymont Fire District, and the team later submitted to the task force a written report of its findings and recommendations. On February 15, 1982, Claymont apparently removed all the fire-fighting apparatus and equipment from Substation 31, effectively closing the substation. The task force made its report to the Governor on April 2, 1982. The report contained nine recommendations, among which was a recommendation that

Substation 31 be reopened and reequipped to provide full service, or, should Substation 31 not be reopened, that an independent fire company be established at the same location.

Hanby filed an application with the Commission on January 6, 1983 seeking authorization under 16 *Del.C.* § 6619(a)(1)[1] to establish a new fire company. In the application, Hanby proposed to divide the fire district at the B & O Railroad tracks, which bisect the district from north to south. The eastern portion of the district would be served by Claymont from its Philadelphia Pike station and the western portion would become a new fire district served by Hanby with a station located at the current Substation 31 site or nearby. Hanby, reciting the language of § 6619(a)(1), alleged that the Claymont Fire Company "is not reasonably equipped, manned, organized, financed, or disciplined to deliver, and/or is not actually delivering adequate fire protection in accordance with recognized safety standards, to the area within District No. 31" (i.e., the area Hanby wishes to serve).

The Opinion and Order of the State Fire Prevention Commission contains a lengthy, detailed account of the case's procedural history and the evidence presented by the parties. The Commission found, *inter alia,* that Hanby had "failed to present any competent probative evidence to show that Claymont is not reasonably equipped, manned, organized, financed or disciplined to deliver adequate fire protection to the district for which it is primarily responsible," or that it "is not actually delivering adequate fire protection in accordance with recognized safety standards to its district," as required by 16 *Del.C.* § 6619(a)(1) and Subsection 2.1 of the Commission's "Minimum Requirements for the Establishment of New Fire Departments" ("Regulations").[2] The Commission concluded that Hanby had failed to establish the need for a new fire company within four miles of Claymont under the criteria of § 6619(a)(1), and it denied Hanby's application. The Superior Court denied Hanby's subsequent petition for certiorari to review the Commission's decision.

## II

■ Hanby's first argument on appeal is that the manner in which the Commission arrived at its decision violated the requirements of due process. Hanby argues that the Commission, in addition to finding Claymont was delivering "adequate fire protection in accordance with recognized safety standards," was required by recognized principles of administrative law to articulate in its decision what specific, objective "recognized safety standards" it was relying on to support its findings. Hanby also notes that the Commission's Regulations fail to set forth any guidelines to be used in determining whether an existing fire company is meeting "recognized safety standards" in any particular case. Hanby contends the Commission's failure to in any way support its denial of Hanby's application with specific, objective standards was arbitrary and capricious. We disagree.

As we interpret the Commission's Regulations, they can be applied to both proposed and existing fire companies, though

1. 16 *Del.C.* § 6619(a)(1) provides in pertinent part:

[T]he Commission shall determine whether any new fire companies or substations shall be authorized in any part of the State. In making such determination the Commission shall consider among other things the ability, financial or otherwise, of the company seeking authorization to maintain an effective fire company and the fire protection needs of the area involved. The Commission, however, shall not authorize the establishment of a new fire company within 4 miles of an existing fire company unless the Commission determines that an existing company is not reasonably equipped, manned, organized, financed or disciplined to deliver, or is not actually delivering, adequate fire protection in accordance with recognized safety standards to the area it serves.

2. These Regulations are part of the Delaware State Fire Prevention Commission Standards. Subsection 2.1 essentially tracks the language of 16 *Del.C.* § 6619(a)(1).

nowhere do they explicitly so state. Thus, in determining whether an existing company is meeting recognized safety standards, the Commission may look to these Regulations for guidance. The Regulations set forth specific, objective standards to be achieved in the following areas: Constitution and By-laws, Members, Financial Backing and Responsibility, Training, Fire Station Construction and Submittal of Plans, Communications, Alarm Receiving and Alerting Equipment, and Equipment.[3] We find then, that the Commission has established sufficient guidelines to be used in determining whether an existing fire company is providing adequate fire protection in accordance with recognized safety standards.

Hanby contends the Commission should have noted in its decision what recognized safety standards it had considered in denying Hanby's application. Although the Commission could have been clearer in this regard, it did set forth in its decision a detailed account of the evidence presented at the hearings. The most significant evidence in terms of recognized safety standards was that focusing on Claymont's response time within the fire district as compared with the time recommended by the National Fire Administration for areas similar to that served by Claymont. Claymont compared quite favorably and was well within the recommended response time.

The Commission determined that Claymont is delivering adequate fire protection to its entire district in accordance with recognized safety standards. It appears to this Court that Hanby presented no persuasive evidence to disprove that determination. As the Commission found, Hanby has failed to meet its burden to prove the need for a new fire company within four miles of Claymont under the criteria of 16 Del.C. § 6619(a)(1). We find the Commission did not act arbitrarily or capriciously in denying Hanby's application.

 Hanby's second argument on appeal is that the Commission had a statutory duty, which it failed to fulfill, to conduct a systematic, independent, and objective inquiry into the adequacy of fire protection in District 31, rather than treating the case narrowly as an adversary proceeding between Hanby and Claymont. We believe, however, that the Commission's treatment of Hanby's application as an adversarial proceeding before a quasi-judicial body was within the contemplation of 16 Del.C. § 6619 and was entirely proper. Moreover, the Commission, sitting as a quasi-judicial body, did conduct an independent inquiry into the adequacy of fire protection in District 31.

\* \* \*

AFFIRMED.

3. Equipment includes Personal Protection, Fire Apparatus, Pump, Water Carrying Capacity, Hose Compartments, and Equipment to be Carried on Combination of Apparatus.